Per Curiam.
—The injury occurred from the plaintiff stepping into and falling down the well of an elevator, when the elevator carriage was at an upper story. The elevator had been made for the defendant, who had provided it.for the use of his tenants of the building, of whom plaintiff was one. The elevator faced the street, and was a short distance *305 from the street door. The plaintiff walked from the street, through the door, towards the elevator. He saw that the elevator door was open, as he had seen it often before, and. that the boy who ran the elevator was sitting by the elevator.' There was no gas burning at the place. It was so dark that the plaintiff could not see the boy’s face, although he perceived him to be in a nodding position. The plaintiff supposing the platform to be there, stepped inside, and fell to the bottom.
The counsel for appellant argues on these facts, that the judge should not have submitted to the jury to find whether the plaintiff was negligent, but should have held that as matter of law the plaintiff hdd not shown that he was free from contributory negligence. It is claimed that under the -circumstances it was apparent that there was danger, and the plaintiff should have taken precaution, such as feeling whether the carnage was there, or waking the boy to ask him as to that fact, or getting in some other way information upon which he could safely proceed. The position is not valid. It was a question for the jury whether the acts of the boy, defendant’s agent, were not such that the plaintiff was thrown off his guard as to there being any danger which called for caution. The jury was the proper jndge of' whether the defendant was or was not responsible for the announcement to the plaintiff that the elevator was in a condition tit for use. It was for the jury to say to what extend the plaintiff might rely on the appearances presented, in consideration that the elevator was intended for the use of persons coming frpm the street, who were to judge, from an open or closed door, whether they might use the elevator. If the jury should find that defendant was responsible for the plaintiff thinking there was no danger, the latter was. not required to use caution as to the consequences of going through the door-way.
The defendant’s counsel asked the judge to charge “that if the jury believe that the plaintiff, with proper care, such as a prudent man would exercise in like circumstances, could have ascertained whether the elevator was- *306 there or not, before entering it, he was guilty of contributory negligence. ■ The judge modified this by changing “could have ascertained ” to “ would have ascertained.” It would seem that the judge w*as correct. If the plaintiff, by the use of ordinary care, called for by the circumstances, as a matter of possibility could have, but as matter of fact would not have ascertained the danger, there was not contributory negligence.
There was the same kind of defect in the request to charge “ that if it was light enough at the time to have enabled the plaintiff to have seen that the elevator was not there if he had made the effort to do so, he was bound to look, and if he did not (and he says he did not), he was guilty of contributory negligence.” The judge had made the proper charge as to the degree of caution or prudence the plaintiff was bound to use. The jury, if charged as requested, might have found that there was just light enough to have made it j>ossible for the plaintiff to see the danger if he had made an extraordinary effort to see the condition of the elevator, continued through an indefinite time. The plaintiff was, however, bound to make such effort as would be made by ordinary prudence, or the ordi- , nary use of the senses, by prudent men.
The court allowed, against defendant’s objection, the plaintiff to put in evidence a part of section 16, chapter 625 of the Laws of 1871, which declared that in any building in the city of New York in which there shall be placed any elevator, the opening thereof shall be provided with a railing, and such good and sufficient trap door as may be directed and approved by the superintendent of buildings, and such trap door shall be closed except when in actual use, etc. The only ground stated for the objection was that there was no allegation in the complaint of any negligence founded upon that section. The action was not upon the statute. The statute was used, as it might be, as a fact, upon which, with the other facts, it might be determined whether the defendant was negligent in leaving the door in question open.
*307 The question as to the statute is not material, for the «¡her facts proved that the defendant was negligent. Judgment affirmed with costs.